{¶ 78} I concur in the majority's disposition of first assignment of error but for different reasons.
 {¶ 79} Although the admission of demonstrative evidence is within the sound discretion of the trial court, I find the trial court did abuse its' discretion in permitting the video of the cadaver arm dissection to be shown to the jury.
 {¶ 80} First, I find the defendant-appellee's claim that the video was only to show the anatomy of the arm, and not an attempted re-creation of the plaintiff-appellant's surgery, to be disingenuous. Defense counsel admitted to the trial court in arguing against the plaintiff's motion in limine: "This is merely to depict to the jury the anatomy and how the plate is slid underneath the radial nerve, how the drill is used to drill holes in the bone, how the screws are inserted so they can see what Dr. Watson did." Tr. p. 28, ln. 16-21. Thus, the video clearly shows not only anatomy of the arm, but also the installation of hardware in a surgical procedure similar to the surgery performed by defendant upon the plaintiff, but clearly under different circumstances then those depicted in the video. Therefore, it was misleading and could confuse the jury as it was not a true reproduction of the relevant facts and conditions at issue. Defense counsel did not even attempt to admit the video into evidence, presumably because no proper foundation could be laid for its admission.
 {¶ 81} Secondly, the video is particularly gruesome and macabre as it depicts the dissection of a real human arm. It does not appear the trial court offered any cautionary instruction to the jury prior to viewing the video. The relevancy and probative value of the video, if any, is outweighed by its graphic nature. *Page 16 
 {¶ 82} Thirdly, the video was untimely disclosed by the defendant on the eve of trial and unfairly surprised the plaintiff, who was left with very little time to rebut.
 {¶ 83} Under these circumstances, I find the video should have been excluded under Evid.R. 403(A), which states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 84} Despite this evidentiary error, it was not reversible error for the following reason. The parties demonstrated at trial that the only factual liability issue for the jury to decide was whether or not Dr. Watson had placed the plaintiffs radial nerve under or over the plate that he installed in her arm. After reviewing the trial transcript, the showing of this video to the jury, in this writer's view, would not have changed the outcome of the trial. Rather, the issue was resolved by the jury's determination of the credibility of Dr. Watson and whether the observations of plaintiff-appellant's physician, Dr. Boulis of the Cleveland Clinic, were sufficient to satisfy liability in this medical malpractice action
 {¶ 85} Accordingly, I concur with the majority in overruling appellant's first assignment of error. I also concur with the majority's analysis and disposition of appellant's second assignment of error. Thus, affirming the judgment of the trial court. *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellants. *Page 1